

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-17-00380-CR
_____

**SHAKIRA LYNN BICKERSTAFF AKA SHAKIRA BICKERSTAFF, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

On Appeal from the 372nd District Court
Tarrant County, Texas
Trial Court No. 1431860D; Honorable Scott Wisch, Presiding

October 23, 2018

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Following an open plea of guilty, Appellant Shakira Lynn Bickerstaff aka Shakira Bickerstaff, was convicted by the trial court of injury to a child, a first degree felony,[1] and sentenced to forty years confinement. In presenting this appeal, counsel has filed an

---

[1] TEX. PENAL CODE ANN. § 22.04(a)(1), (c)(1), (e) (West Supp. 2018).

*Anders*[2] brief in support of a motion to withdraw.[3] We affirm and grant counsel's motion to withdraw.

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record, and in his opinion, it reflects no potentially plausible basis for reversal of Appellant's conviction. *Anders v. California*, 386 U.S. 738, 744-45, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). Counsel candidly discusses why, under the controlling authorities, the record supports that conclusion. *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978). Counsel has demonstrated that he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying her of the right to file a *pro se* response if she desired to do so, and (3) informing her of the right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408.[4] By letter, this court granted Appellant an opportunity to exercise her right to file a response to counsel's brief, should she be so inclined. *Id.* at

---

[2] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

[3] Originally appealed to the Second Court of Appeals, this appeal was transferred to this court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001 (West 2013). Should a conflict exist between precedent of the Second Court of Appeals and this court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court. TEX. R. APP. P. 41.3.

[4] Notwithstanding that Appellant was informed of her right to file a *pro se* petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of her right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408 n.22, 411 n.35. The duty to send the client a copy of this court's decision is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *Id.* at 411 n.33.

2

409 n.23.  In this cause, Appellant did file a response.  The State, however, did not favor us with a brief.

## BACKGROUND

Late at night on August 19, 2014, Appellant's boyfriend made a call to 911 when he discovered that Appellant's ten-month-old son would not wake up.  When officers and first responders arrived at the residence, they discovered the child lying on the couch unresponsive.  He exhibited numerous visible injuries such as bruises, abrasions, scratches, and cuts on his face and body.

Appellant was interviewed by one of the officers.  In recalling the events of that day, she told the officer the infant had fallen from a bed and twisted his arm earlier in the day.  According to her, the infant often sustained injuries from falls and from playing with his older sister.

## ANALYSIS

Appellant was initially charged with three separate counts of causing the death of her son who was under the age of ten, a capital offense.[5]  The State gave notice that it would not seek the death penalty; however, it would seek a deadly-weapon finding.  During plea negotiations, the State added a fourth count to the indictment alleging that Appellant knowingly caused serious bodily injury to a child younger than fifteen years old by striking the child with or against a hard object or surface or by impeding his normal

---

[5] TEX. PENAL CODE ANN. § 19.03(a)(8) (West Supp. 2018).  All references to "section" or "§" are references to the Texas Penal Code.

3

breathing with her hand.[6]  In exchange for Appellant's open plea of guilty, the State waived the three original counts in the indictment, proceeded on the new count, and agreed not to pursue a deadly-weapon finding.

The elements of the offense, as charged, are that Appellant knowingly caused serious bodily injury to a child fourteen years of age or younger.  § 22.04(a)(1), (c)(1). "Serious bodily injury" is defined as bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ.  § 1.07(a)(46).

At the punishment phase, the medical examiner testified she ruled the cause of death to be battered infant syndrome indicating "multiple episodes of abuse over time" and that the manner of death was a homicide.[7]  She testified the victim showed signs of trauma consistent with a hand being placed over the nose and mouth resulting in asphyxiation which posed a substantial risk of death.  The infant also had many healed scars and injuries, fractured ribs, and a fracture to his skull which caused swelling in his head.  The swelling was consistent with impact on a hard, flat surface sufficient to cause death.  She also testified the victim had too many injuries of different ages for an infant who was not yet mobile.

---

[6] We note that the amended indictment erroneously alleges "a child younger than 15 years of age," when the offense of injury to a child applies to a child fourteen years of age or younger.  § 22.04(c)(1).  This defect in the indictment does not rise to the level of plausible reversible error because (1) Count One of the same indictment alleged that the victim was under ten years of age and the evidence established that the victim was actually under one year of age and (2) Appellant failed to  preserve error by not objecting to the defect prior to the commencement of a trial on the merits.  *See* TEX. CODE CRIM. PROC. ANN. art. 1.14(b) (West 2005).

[7] Prior to a full examination of the child, the medical examiner had expressed to one of the police officers that she could not yet determine if the death was an accident or a homicide.

At the conclusion of the punishment phase, defense counsel asked for ten years deferred adjudication while the State argued for a life sentence. The court assessed a forty-year sentence.

ANALYSIS

By the *Anders* brief, counsel maintains that after his comprehensive review of the record, there are no arguable grounds to present on appeal. According to counsel, the charging instrument does not present plausible reversible error, the evidence is sufficient to support Appellant's conviction, and the forty-year sentence is within the statutory range of punishment.

When we have an *Anders* brief by counsel and a *pro se* response by an appellant, we have two choices. We may determine that the appeal is wholly frivolous and issue an opinion explaining that we have reviewed the record and find no reversible error; *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005) (citing *Anders*, 386 U.S. at 744), or we may determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief issues. *Id.* (citing *Stafford v. State*, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991)).

This court has also conducted an independent examination of the record to determine if there are any non-frivolous issues which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford*, 813 S.W.2d at 511. We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). After reviewing the record, counsel's brief, and Appellant's response, we agree with counsel

5

that there are no plausible grounds for reversal of Appellant's conviction. *See Bledsoe*, 178 S.W.3d at 826-27.

CONCLUSION

Accordingly, the trial court's judgment is affirmed and counsel's motion to withdraw is granted.


Patrick A. Pirtle
Justice


Do not publish.